L LEMMON, J.,
Dissenting from the Denial of the Application for Certiorari.
This application involves a conviction of driving while intoxicated, third offense, predicated on two prior guilty pleas.
*82 For a guilty plea to be valid, the accused must be represented by counsel or there must have been a valid waiver of counsel. In the predicate conviction in the present case based on a guilty plea to a charge of driving while intoxicated, second offense, the trial judge clearly did not obtain an intelligent waiver of counsel. Instead, the judge apparently relied on the presence in court of “appointed” counsel, an indigent defender who appeared in court with nine defendants at misdemeanor arraignments that day. The fact that there was no formal appointment is insignificant; the significant point is that defense counsel’s performance, based on his own description of the representation he provided, fell below acceptable standards of an attorney’s representation of a client.
According to defense counsel, he spoke to the nine defendants as a group in the jury room and simply advised them, en masse, of the constitutional rights they were waiving with a guilty plea, as well as the penalty for the charged crime and the enhanced penalty for repeat offenses. The trial judge repeated the same information in court a few minutes later and asked the defendants, individually, if they understood 1 ¡¿heir rights and the enhanced penalties, and each defendant responded affirmatively-
The trial judge’s “Boykinization,” as such, was clearly adequate. The deficiency in the plea was that defense counsel did not say one word to his “client” individually about the client’s particular case. The attorney did not ask if the defendant was driving the vehicle or if the defendant was intoxicated. The attorney did not make even a cursory review of the police report of the arrest. Neither the attorney nor the trial judge asked the defendant if he or she was pleading guilty because he or she was in fact guilty of driving while intoxicated.
Adequate representation of a criminal defendant requires an attorney at least to focus, even briefly, on the client’s individual case while talking with the client about the case. This minimum performance, which seems basic to any attorney’s adequate representation of a client (even an indigent criminal defendant), did not occur in this case.
On this record, the predicate convictions, obtained without adequate representation by counsel or a valid waiver of the right to counsel, should be set aside.